**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| TERRIE HILL, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF VIRGINIA HILL, DECEASED, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF THE ESTATE OF VIRGINIA HILL, | § § § § § § § | |
| Plaintiffs, | § | CASE NO. |
| v. | § | |
| | § | **(JURY REQUESTED)** |
| TEXAS HERITAGE OAKS NURSING AND REHABILITATION CENTER, LLC D/B/A HERITAGE OAKS NURSING AND REHABILITATION CENTER, SUMMIT CARE LLC, SKILLED HEALTHCARE LLC, GENESIS HEALTHCARE LLC AND GENESIS HEALTHCARE INC. | § § § § § § § § | |
| Defendants. | § | |

---

## INDEX OF MATTERS FILED WITH NOTICE OF REMOVAL

---

1. Civil Cover Sheet;

2. Supplemental Civil Cover Sheet;

3. Notice of Removal Filed in Federal Court;

4. Index of Matters Filed with Notice of Removal;

Exhibit A:  a.  Plaintiffs' Original Petition filed February 12, 2016 in State Court;
b.  Lubbock County District Court Docket Sheet;
c.  Notice of Service of Skilled Healthcare LLC in State Court;
d.  Notice of Service of Texas Heritage Oaks Nursing and Rehabilitation Center, LLC d/b/a Heritage Oaks Nursing and Rehabilitation Center in State Court; and
g.  Defendants Texas Heritage Oaks Nursing and Rehabilitation Center, LLC d/b/a Heritage Oaks Nursing and Rehabilitation Center,

Summit Care LLC, Skilled Healthcare LLC, Genesis Healthcare LLC, and Genesis Healthcare Inc.'s Original Answer, Notice Pursuant to Rule 193.7 and Jury Demand filed March 24, 2016 in State Court.

Exhibit B:      List of All Counsel of Record;

Exhibit C:      Notice of Filing of Notice of Removal to be filed in State Court; and

5.  Certificate of Interested Persons.

**CAUSE NO. _____**

| | | |
|---|---|---|
| **TERRIE HILL, INDIVIDUALLY AND AS** | § | **IN THE DISTRICT COURT OF** |
| **REPRESENTATIVE OF THE ESTATE** | § | |
| **OF VIRGINIA HILL, AND ON BEHALF** | § | |
| **OF ALL WRONGFUL DEATH** | § | |
| **BENEFICIARIES OF THE ESTATE OF** | § | |
| **VIRGINIA HILL,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **LUBBOCK COUNTY, TEXAS** |
| | § | |
| **TEXAS HERITAGE OAKS NURSING** | § | |
| **AND REHABILITATION CENTER, LLC** | § | |
| **D/B/A HERITAGE OAKS NURSING AND** | § | |
| **REHABILITATION CENTER, SUMMIT** | § | |
| **CARE LLC, SKILLED HEALTHCARE** | § | |
| **LLC, GENESIS HEALTHCARE LLC,** | § | |
| **AND GENESIS HEALTHCARE INC.** | § | |
| | § | |
| *Defendants.* | § | **_____JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION**
**AND RULE 194 REQUEST FOR DISCLOSURES**

TERRIE HILL, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF VIRGINIA HILL, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF THE ESTATE OF VIRGINIA HILL, Plaintiff in the above-styled cause, files this her Original Petition complaining of and against Defendants TEXAS HERITAGE OAKS NURSING AND REHABILITATION CENTER, LLC D/B/A HERITAGE OAKS NURSING AND REHABILITATION CENTER, SUMMIT CARE LLC, SKILLED HEALTHCARE LLC, GENESIS HEALTHCARE LLC, AND GENESIS HEALTHCARE INC. and would respectfully show the following:

Exhibit A

**I.**
**RULE 47 STATEMENT**

1.      Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief over $1,000,000.

**II.**
**DISCOVERY CONTROL PLAN**

2.      Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff requests that discovery be conducted under a Level 3 discovery control plan.

**III.**
**PARTIES**

3.      Plaintiff Terrie Hill is a resident of Lubbock County, Texas.  Plaintiff brings this action individually and as a representative of the estate of Virginia Hill for improper treatment of Virginia Hill by Defendants pursuant to TEX. CIV. PRAC. & REM. CODE § 71.021, TEX. CIV. PRAC. & REM. CODE § 71.002-71.004 and the Texas Probate Code and on behalf of all wrongful death beneficiaries of the Estate of Virginia Hill.  Plaintiff further states that no administration of Ms. Hill's estate is open and none is necessary.

4.      Defendant Texas Heritage Oaks Nursing and Rehabilitation Center, LLC d/b/a Heritage Oaks Nursing and Rehabilitation Center is being sued pursuant to TEX. R. CIV. P. 28 which provides that any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue and be sued in its partnership, assumed, or common name.  Hereinafter, this Defendant is designated as Heritage Oaks for purposes of this pleading.  Heritage Oaks is a foreign limited liability company, registered in Texas, and may be served by serving its registered agent at Corporation Service Company d/b/a CSC- Lawyers Incorporating Service Company, 211 E. 7th St., Ste. 620, Austin, TX 78701, or wherever the registered agent may be found.

5.      Defendant Summit Care LLC is a foreign limited liability company which is currently engaged in, and at all times material to this lawsuit, was engaged in business in Texas. Hereinafter, this Defendant is designated as Summit Care for purposes of this pleading. This Defendant may be served through its registered agent for service of process at Corporation Service Company d/b/a CSC- Lawyers Incorporating Service Company, 211 E. 7th St., Ste. 620, Austin, TX 78701, or wherever the registered agent may be found.

6.      Defendant Skilled Healthcare LLC is a foreign limited liability company which is currently engaged in, and at all times material to this lawsuit, was engaged in business in Texas. Hereinafter, this Defendant is designated as Skilled Healthcare for purposes of this pleading. This Defendant may be served through its registered agent for service of process at Corporation Service Company d/b/a CSC- Lawyers Incorporating Service Company, 211 E. 7th St., Ste. 620, Austin, TX 78701, or wherever the registered agent may be found.

7.      Defendant Genesis Healthcare LLC is a foreign limited liability company which is currently engaged in, and at all times material to this lawsuit, was engaged in business in Texas. Hereinafter, this Defendant is designated as Genesis LLC for purposes of this pleading. This Defendant may be served through its registered agent for service of process at Corporation Service Company d/b/a CSC- Lawyers Incorporating Service Company, 211 E. 7th St., Ste. 620, Austin, TX 78701, or wherever the registered agent may be found.

8.      Defendant Genesis Healthcare Inc. is a foreign corporation which is currently engaged in, and at all times material to this lawsuit was engaged in, business in Texas. Hereinafter, this Defendant is designated as Genesis Inc. for purposes of this pleading. The Secretary of State is the agent for service on Genesis Inc.; Genesis Inc. engaged in business in Texas; Genesis Inc. does not maintain a regular place of business in Texas, does not have a designated agent for service of process, and the lawsuit arises from Genesis Inc.'s business in

Texas.  Accordingly, the Secretary of State is the registered agent for service of process as provided by TEX. CIV. PRAC. & REM. CODE ANN. § 17.044.  Citation and petition may be issued in the name of the Secretary of State, who shall then forward it by certified mail, return receipt requested, or registered mail to Defendant Genesis Healthcare, Inc. by serving its chief executive officer, George V. Hager, at 4500 Dorr Street, Toledo, Ohio 43615-4040.

## IV.
## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this matter because the suit arises under the laws of the State of Texas and because the Plaintiff suffered damages within the jurisdictional limits of this Court.

10.     Venue is proper in this Court because Lubbock County is the county in which the events complained of occurred.

## V.
## NOTICE

11.     Plaintiff will show that in accordance with TEX. CIV. PRAC. & REM. CODE CH. 74.051, Defendants were placed on notice of this claim prior to the filing of this lawsuit.

## VI.
## DEFINITIONS

12.     Wherever in this petition the word "Defendants" is used, such term refers jointly and collectively to the conduct of defendants TEXAS HERITAGE OAKS NURSING AND REHABILITATION CENTER, LLC D/B/A HERITAGE OAKS NURSING AND REHABILITATION CENTER, SUMMIT CARE LLC, SKILLED HEALTHCARE LLC, GENESIS HEALTHCARE LLC, AND GENESIS HEALTHCARE INC.

13.     Wherever in this petition TEXAS HERITAGE OAKS NURSING AND REHABILITATION CENTER, LLC D/B/A HERITAGE OAKS NURSING AND REHABILITATION CENTER, SUMMIT CARE LLC, SKILLED HEALTHCARE LLC,

GENESIS HEALTHCARE LLC, AND GENESIS HEALTHCARE INC. are referred to as doing any act or thing or failing to do any act or thing, such reference includes the corporate entity, as well as the officers, agents, servants, representatives, and/or employees of said Defendants. These Defendants are hereinafter collectively referred to as "Corporate Defendants."

14.     Whenever in this petition it is alleged that TEXAS HERITAGE OAKS NURSING AND REHABILITATION CENTER, LLC D/B/A HERITAGE OAKS NURSING AND REHABILITATION CENTER did any act or thing or failed to do any act or thing, it is meant that the officers, agents, or employees of that facility operated at 5301 University Ave., Lubbock, TX 79413, respectively, participated in, performed or failed to perform such acts or things while in the course and scope of their employment or agency relationship with said nursing facility.

## VII.
## <u>FACTUAL BACKGROUND</u>

15.     Virginia Hill ("Ms. Hill"), a 67 year old woman, was admitted to Heritage Oaks on July 11, 2007, after Ms. Hill had a fall at another facility that resulted in a fractured hip. When Ms. Hill was admitted to Heritage Oaks, she was appropriately documented as a high fall risk, and a care plan was implemented to ensure adequate fall precautions such as a bed alarm, chair alarm, wanderguard, siderails, lowered bed, fall mat, and extensive assistance with activities of daily living ("ADLs") were put in place.  However, these precautions were only implemented for a very limited time and were discontinued entirely.

16.     Heritage Oaks held itself out to the public, including Plaintiff, as a nursing home facility which was competent and qualified to provide nursing home services with all the necessary care and precaution expected of a nursing home facility.  More specifically, Heritage Oaks represented to Ms. Hill and her family that Heritage Oaks had the qualifications and training to properly manage Ms. Hill's care, as required by applicable law.  Ms. Hill and her

family relied upon these representations when they agreed to move Ms. Hill into Heritage Oaks, and they would not have moved Ms. Hill into Heritage Oaks, nor kept her there, but for those representations.  As a nursing home resident, Ms. Hill was entitled to and had the right to receive the basic and minimum care prescribed by law.

17.     During the course of her admission at Heritage Oaks, Ms. Hill was diagnosed with dementia/cognitive loss, lack of coordination, difficulty in walking, unsteady gait, muscle weakness, osteoporosis (decreased bone mass which raises a red flag for patients that are also a high fall risk), and was noted to have a personal history of falling.  In fact, Ms. Hill had a fall on September 20, 2012 that resulted in a "goose egg" to her forehead and another fall on May 27, 2014 that resulted in a fractured wrist.  However, despite her history of falls, Heritage Oaks failed to implement adequate fall precautions and increase its assistance with Ms. Hill's ADLs even in the face of Heritage Oak's assessments which plainly documented a downward change in her condition.  The standard of care applicable to fall risk patients such as Ms. Hill require facilities such as Heritage Oaks to provide appropriate and necessary interventions for fall risk patients such as Ms. Hill.

18.     Heritage Oak's failure to have adequate fall precautions in place predictably turned tragic on December 2, 2014.  Although there was mysteriously no investigation of the fall in Heritage Oak's records, University Medical Center ("UMC") noted that Ms. Hill was walking to the restroom in the evening, felt that she was going to fall, and twisted herself to fall into the wall sliding down the wall to the floor.  Ms. Hill was transferred to UMC where she was found to have a left acetabular fracture, left pubic rami fracture, and lumbar compression fracture; fractures consistent with a significant traumatic fall.  Ms. Hill died several days later.  Ms. Hill's death certificate and autopsy listed her cause of death as: "Clinical Documented Medical Complications of Hip Fractures due to Blunt Trauma due to Clinically Documented Fall."

Heritage Oaks' negligence in failing to adequately protect Ms. Hill was a direct and proximate result of her injuries and death.

19.     Ms. Hill was dependent upon Heritage Oaks for treatment and 24-hour nursing care which included, at a minimum, the following essential services:

  a.   Ordinary and standard care to prevent accidents and injuries;
  b.   Timely notifying Ms. Hill's attending physician and family of any significant changes in condition, need to alter treatment, or threat to her health;
  c.   Creating an individualized care plan of the daily nursing care required by Ms. Hill based on her specific condition and needs, which was updated and revised when she experienced a significant change in condition or if care planned measures were ineffective;
  d.   Administering all treatments and medications in accordance with physician's orders, as well as all nursing care in accordance with Ms. Hill's individualized care plan;
  e.   Monitoring and supervising Ms. Hill to prevent falls;
  f.   Implementing adequate assistive devices and interventions to prevent falls; and
  g.   Recognizing a serious change in Ms. Hill's condition and discharging her when it became apparent that she needed emergent medical attention.

By reason of Ms. Hill's needs and her degree of dependency upon the nursing home staff, Defendants fully understood the consequences of failing to provide such routine services in accordance with fundamental standards of care.

20.     These needs were well known to Defendants who were engaged in a continuing course of negligent care and treatment of Ms. Hill.  Defendants failed to provide an adequate number of qualified staff to appropriately care for Ms. Hill.  By failing to adequately and appropriately monitor and supervise Ms. Hill, a known fall risk, Defendants negligently permitted Ms. Hill to fall and/or sustain significant trauma while at Heritage Oaks which resulted in multiple fractures, a great deal of pain and suffering, and death.

21.     The above catastrophic injuries of Ms. Hill were caused by Defendants' profound neglect and reckless, willful, wanton and oppressive disregard for Ms. Hill's safety.

## VIII.
## <u>NEGLIGENCE</u>

22.     The preceding paragraphs are incorporated herein for all purposes.

23.     This is a civil liability case in which it has become necessary for Plaintiff to bring a lawsuit by reason of the negligence of Defendants which caused the injuries to Ms. Hill.  Such negligence caused great physical and mental injuries and considerable consequential damages. The injuries of Ms. Hill made the basis of this lawsuit was a direct and proximate result of Defendants' negligence, as set forth above.

24.     At all times material to this lawsuit, statutory and regulatory duties imposed by the State of Texas and designed to protect a class of persons, to wit: the nursing home residents of this State, were in full force and effect.  As a member of such class, Ms. Hill was entitled to protection of these laws, namely the Health & Safety Code and the rules and regulations promulgated thereunder as set forth in the Texas Administrative Code.  The scope and purpose of the Health & Safety Code is specifically set forth in Texas Health and Safety Code §242.001(a), which provides:

> This chapter and the rules and standards adopted under this chapter, establish minimum acceptable levels of care.  A violation of a minimum acceptable level of care established under this chapter is forbidden by law.  Each institution licensed under this chapter shall, at a minimum, provide quality care in accordance with this chapter and the rules and standards.

25.     These laws and regulations are not pled as the basis for a separate cause of action or negligence *per se* but as evidence of the Defendants' duties, the standard of care, negligence and gross negligence.

26.     Defendants, by and through their employees and agents, violated these fundamental laws, engaging in a pattern and practice of neglect and conduct prohibited by law. More specifically, Defendants engaged in negligent conduct which included:

(a)     Continuing failure to provide sufficient numbers of staff to supervise Ms.

Hill and meet her basic care needs;

(b)     Repeated failure to hire and train appropriate personnel to monitor, supervise, and/or treat Ms. Hill;

(c)     Continuing retention and assignment of unfit, unqualified and incompetent direct care staff;

(d)     Ongoing failure to obtain and provide timely and appropriate medical treatment and nursing intervention to Ms. Hill;

(e)     Failure to protect Ms. Hill from mistreatment and neglect;

(f)     Failure to provide Ms. Hill with care and services to meet and maintain the highest quality of life possible;

(g)     Failure to give Ms. Hill professional services that meet a professional standard of care;

(h)     Failure to exercise reasonable care in protecting its residents such as Ms. Hill from injuries;

(i)     Failure to create, implement, and monitor an appropriate care plan that took into consideration Ms. Hill's known physical condition and needs;

(j)     Failure to provide timely and adequate care and assistance to Ms. Hill;

(k)     Failure to properly observe, assess, evaluate, monitor, and treat Ms. Hill with regard to Ms. Hill's fall risk;

(l)     Failure to create, use and follow policies and procedures that forbid mistreatment, neglect and abuse of residents;

(m)     Failure to properly prescribe and administer pain medication to Ms. Hill;

(n)     Failure to establish and implement appropriate corporate safety, training, staffing, and fundamental nursing care policies to prevent harm to residents and avoid the known consequences of inadequate care.

27.     Defendants knew or should have known from their experience as licensed nursing home operators and Ms. Hill's medical history that these acts or omissions posed a serious threat to the safety and welfare of Ms. Hill.

28.     Defendants' conduct was not occasional or fortuitous, but rather was the natural and predictable result of the decisions made by Defendants to maximize revenues and profits while at the same time reducing costs.  Defendants' policies and financial decisions caused: (a)

repeated dangerous staffing levels at the facility; (b) patient population needs that exceeded the capacity of the limited number of care givers on duty; and (c) continued and ongoing neglect of Ms. Hill and other similarly situated residents.

29.      Each and all of the aforementioned acts, both omission and commission, as well as those yet to be discovered, constitute negligence and were a direct and proximate cause of damages as set forth below.

## IX.
## VIOLATION OF RESIDENT RIGHTS

30.      The preceding paragraphs are incorporated herein for all purposes.

31.      Defendants violated basic resident rights guaranteed under the law, to-wit: TEX. HEALTH & SAFETY CODE § 242.501; TEX. HUM. RES. CODE § 102/003; and TEX. ADMIN. CODE §§ 19.401 and 19.701.  Such violations constitute negligence and were a proximate cause of Ms. Hill's suffering and injuries.  In causing injury to Ms. Hill, Defendants flagrantly violated the following resident rights:

(a)      The right to be free from abuse, neglect and exploitation;

(b)      The right to be safe;

(c)      The right to reside and receive services in the facility with reasonable accommodation of individual needs;

(d)      The right to a dignified existence; and

(e)      The right to all care necessary to have the highest possible level of health.

## X.
## JOINT AND SEVERAL RESPONSIBILITY

32.      The preceding paragraphs are incorporated herein for all purposes.

33.      The negligence of Defendants, operating separately and concurrently, was a proximate cause of the injuries sustained by Ms. Hill and the damages more specifically set forth

below.  Accordingly, Defendants are jointly and severally responsible for the injuries sustained by Ms. Hill.

## XI.
## GROSS NEGLIGENCE

34.     The preceding paragraphs are incorporated herein for all purposes.

35.     Defendants were reckless and grossly negligent.  Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Ms. Hill.  Such gross negligence caused great physical and mental injuries and considerable consequential damages.  The injuries to Ms. Hill made the basis of this lawsuit were a direct and proximate result of Defendants' gross negligence, as set forth above.

36.     By reason of such conduct, Plaintiff seeks exemplary damages from Defendants.

## XII.
## DAMAGES

37.     The preceding paragraphs are incorporated herein for all purposes.

38.     Plaintiff seeks damages including conscious physical pain, suffering, torment, destruction of dignity, mental anguish, physical impairment, loss of enjoyment of life, and reasonable medical expenses caused to Ms. Hill by reason of Defendants' wrongful conduct detailed hereinabove.

39.     Plaintiff further seeks to recover pre-judgment interest and post-judgment interest for all damages and reserves the right to amend and state further the amount of her damages.

## XIII.
## PUNITIVE DAMAGES

40.     The preceding paragraphs are incorporated herein for all purposes.

41.     Plaintiff seeks punitive damages in an amount commensurate with: a) the nature of the wrongs committed by Defendants; b) the inhuman character of Defendants' course of conduct; c) the degree of culpability of the wrongdoers herein; d) the helpless and dependent

nature of the victim in this case; and e) the degree to which the conduct described hereinabove offends the public sense of justice.  Defendants' conduct alleged hereinabove justifies an award of exemplary damages in an amount sufficient to deter Defendants from engaging in this conduct in the future.

## XIV.
## REQUEST FOR DISCLOSURE

42.     Pursuant to TEX. R. CIV. P. 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within 50 days of service of this request, the information or material described in TEX. R. CIV. P. 194.2 (a) through (l).

## XV.
## EXPERT REPORTS

43.     Pursuant to §§74.001 et seq. of the Texas Civil Practice and Remedies Code, including §74.351, Plaintiff will serve upon the Defendants Plaintiff's expert report together with a curriculum vitae for Plaintiff's expert not later than 120 days after Defendants' Original Answer is filed.

## XVI.
## JURY DEMAND

44.     Plaintiff hereby demands a trial by jury on all issues set forth herein and tender the appropriate fee.

## XVII.
## PRAYER

WHEREFORE,     PREMISES     CONSIDERED,     Plaintiff,     TERRIE     HILL, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF VIRIGNIA HILL, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF THE ESTATE OF VIRGINIA HILL, prays that citations be issued and served upon Defendants TEXAS HERITAGE OAKS NURSING AND REHABILITATION CENTER, LLC D/B/A HERITAGE

OAKS NURSING AND REHABILITATION CENTER, SUMMIT CARE LLC, SKILLED HEALTHCARE LLC, GENESIS HEALTHCARE LLC, AND GENESIS HEALTHCARE INC., commanding them to appear and answer herein, and that upon final hearing of this cause, Plaintiff have judgment against Defendants in an amount to be determined by the Court and Jury, for all damages, plus pre-judgment interest and post-judgment interest, costs of Court, and for such other and further relief, at law or in equity, both general and special, to which Plaintiff may show herself to be justly entitled.   Plaintiff also prays for actual, exemplary, and punitive damages in an amount that exceeds the minimum jurisdictional limits of the Court.

Respectfully submitted,

**HICKS THOMAS LLP**

By:   */s/ Stephen M. Loftin*_____
      Stephen M. Loftin
      State Bar No. 12489510
      sloftin@hicks-thomas.com
      Allison F. Fisher
      State Bar No. 24068614
      afisher@hicks-thomas.com
      700 Louisiana, Suite 2000
      Houston, Texas  77002
      Tel: 713.547.9100
      Fax: 713.547.9150

**ATTORNEYS FOR PLAINTIFF**

**Docket Sheet:** 2016519411                                                                                                                    Page: 1
**Date Printed:** 04/05/2016

# Case Summary

**Case number:** 2016519411
    **Style:** HILL, TERRIE (INDIVIDUALLY); ESTATE OF
      **vs.** TEXAS HERITAGE OAKS NURSING A;

**File Date:** 02/12/2016
**Disposition Date:** / /

**Case Type:** INJ/DAMAGE: MED MALPRACT
    **Court:** D099

| Events: | Code | Description | Evnt Date | Actn Date | Comments |
|---|---|---|---|---|---|
| 1 | PETN | PETITION FILED | 02/12/2016 | 02/12/2016 | PLAINTIFF'S ORIGINAL PETITION |
| 2 | DCP3 | DISCOVERY LEVEL 3 | 02/12/2016 | 02/12/2016 | |
| 3 | DSRQ | DISCOVERY REQUEST / MOTION | 02/12/2016 | 02/12/2016 | REQUEST FOR DISCLOSURES |
| 4 | INSH | CASE INFORMATION SHEET | 02/15/2016 | 02/15/2016 | |
| 5 | CHCK | CHECK CASE | 04/12/2016 | 04/12/2016 | |
| 6 | RQST | REQUEST | 02/15/2016 | 02/15/2016 | CIVIL PROCESS REQUEST |
| 7 | CISS | CITATION ISSUED | 02/16/2016 | 02/16/2016 | E-9130459 |
| 8 | CISS | CITATION ISSUED | 02/16/2016 | 02/16/2016 | E-9130459 |
| 9 | CISS | CITATION ISSUED | 02/16/2016 | 02/16/2016 | E-9130459 |
| 10 | CISS | CITATION ISSUED | 02/16/2016 | 02/16/2016 | E-9130459 |
| 11 | CISS | CITATION ISSUED | 02/16/2016 | 02/16/2016 | E-9130459 |
| 12 | CSRV | CITATION SERVED | 03/15/2016 | 03/07/2016 | SERVED BY D'ANN WATHEN |
| 13 | CSRV | CITATION SERVED | 03/15/2016 | 03/07/2016 | SERVED BY D'ANN WATHEN |
| 14 | CSRV | CITATION SERVED | 03/15/2016 | 03/07/2016 | SERVED BY D'ANN WATHEN |
| 15 | CSRV | CITATION SERVED | 03/15/2016 | 03/07/2016 | SERVED BY D'ANN WATHEN |
| 16 | ANSR | ANSWER RECEIVED | 03/24/2016 | 03/24/2016 | |
| 17 | JYRQ | JURY REQUEST | 03/24/2016 | 03/24/2016 | SEE #16 PREPAID |



**CORPORATION SERVICE COMPANY**

**TMM / ALL**
**Transmittal Number: 14890087**
**Date Processed: 03/09/2016**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Lisa C. Holahan<br>Genesis HealthCare LLC<br>101 E. State Street<br>Kennett Square, PA 19348 |
| **Copy of transmittal only provided to:** | Jarrolyn Quinones |

---

| | |
|---|---|
| **Entity:** | Skilled Healthcare, LLC<br>Entity ID Number  3418650 |
| **Entity Served:** | Skilled Healthcare LLC |
| **Title of Action:** | Terrie Hill, Individually and as Representative of the Estate of Virginia Hill, and on behalf of All Wrongful Death beneficiaries of the Estate of Virginia Hill vs. Texas Heritage Oaks Nursing and Rehabilitation Center, LLC |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Wrongful Death |
| **Court/Agency:** | Lubbock County District Court, Texas |
| **Case/Reference No:** | 2016-519411 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/07/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Stephen M. Loftin<br>713-547-9100 |

---

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



**CORPORATION SERVICE COMPANY**

TMM / ALL
Transmittal Number: 14881994
Date Processed: 03/08/2016

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Lisa C. Holahan<br>Genesis HealthCare LLC<br>101 E. State Street<br>Kennett Square, PA 19348 |
| **Copy of transmittal only provided to:** | Jarrolyn Quinones |

---

| | |
|---|---|
| **Entity:** | Texas Heritage Oaks Nursing And Rehabilitation Center, LLC<br>Entity ID Number  3418685 |
| **Entity Served:** | Texas Heritage Oaks Nursing and Rehabilitation Center, LLC d/b/a Heritage Oaks Nursing and Rehabilitation Center |
| **Title of Action:** | Terrie Hill, Individually and as Representative of the Estate of Virginia Hill, and on behalf of All Wrongful Death beneficiaries of the Estate of Virginia Hill vs. Texas Heritage Oaks Nursing and Rehabilitation Center, LLC |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Worker's Compensation |
| **Court/Agency:** | Lubbock County District Court, Texas |
| **Case/Reference No:** | 2016-519411 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/07/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Stephen M. Loftin<br>713-547-9100 |

---

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

Filed 3/24/2016 11:06:59 AM
Barbara Sucsy
District Clerk
Lubbock County, Texas

CAUSE NO. 2016-519,411

TB

| | | |
|---|---|---|
| TERRIE HILL, INDIVIDUALLY AND AS | § | IN THE DISTRICT COURT |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF VIRGINIA HILL, AND ON BEHALF | § | |
| OF ALL WRONGFUL DEATH | § | |
| BENEFICIARIES OF THE ESTATE OF | § | |
| VIRGINIA HILL, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | 99TH JUDICIAL DISTRICT |
| TEXAS HERITAGE OAKS NURSING | § | |
| AND REHABILITATION CENTER, LLC | § | |
| D/B/A HERITAGE OAKS NURSING AND | § | |
| REHABILITATION CENTER, SUMMIT | § | |
| CARE LLC, SKILLED HEALTHCARE | § | |
| LLC, GENESIS HEALTHCARE LLC, | § | |
| AND GENESIS HEALTHCARE INC., | § | |
| | § | |
| Defendants. | § | LUBBOCK COUNTY, TEXAS |

---

### DEFENDANTS TEXAS HERITAGE OAKS NURSING AND REHABILITATION CENTER, LLC D/B/A HERITAGE OAKS NURSING AND REHABILITATION CENTER, SUMMIT CARE LLC, SKILLED HEALTHCARE LLC, GENESIS HEALTHCARE LLC, AND GENESIS HEALTHCARE INC.'S ORIGINAL ANSWER; NOTICE PURSUANT TO RULE 193.7 and JURY DEMAND

---

COMES NOW Defendants, TEXAS HERITAGE OAKS NURSING AND REHABILITATION CENTER, LLC D/B/A HERITAGE OAKS NURSING AND REHABILITATION CENTER, SUMMIT CARE LLC, SKILLED HEALTHCARE LLC, GENESIS HEALTHCARE LLC, AND GENESIS HEALTHCARE INC. (hereinafter "Defendants"), and file this their *Original Answer to Plaintiffs' Original Petition and Notice Pursuant to Rule 193.7* and respectfully show unto the Court as follows:

# I.
## DEFENDANTS' ORIGINAL ANSWER

Subject to such stipulations and admissions as may hereinafter be made, Defendants assert a general denial as authorized by TEX. R. CIV. P. 92, and respectfully request that Plaintiffs be required to prove the charges and allegations made against them by a preponderance of the evidence or such greater quantum of evidence as required by the Constitution and Laws of the State of Texas.

# II.
## AFFIRMATIVE DEFENSES

Defendants expressly invoke the protections, defenses and limitations authorized by Chapters 74 and 41 of the Texas Civil Practice & Remedies Code including, but not limited to, the standards, burden of proof, and limits on damages established therein. Pleading further, Defendants expressly invoke the defenses authorized by Chapter 74, Subchapter G of the Texas Civil Practice & Remedies Code.

# III.
## PROXIMATE CAUSE

Defendants state that no act or omission on the part of these Defendants was the proximate cause of any injuries to decedent and/or damages to Plaintiffs. Defendants contend that the sole cause or causes of the injuries to decedent and/or damages of Plaintiffs, if any, are wholly unrelated to any act or omission on the part of these Defendants.

# IV.
## NEW AND INDEPENDENT CAUSES

Defendants contend that any and all injuries sustained by decedent, and/or damages sustained by Plaintiffs, were solely and proximately caused by a new and independent cause and/or a superseding intervening cause separate and apart from anything these Defendants allegedly did or failed to do. Further, Defendants would show that the incident or incidents made

the basis of this suit were the result of events and/or conditions wholly beyond the scope and control of these Defendants and for which these Defendants were not responsible.

## V.
### UNAVOIDABILITY

Defendants would show that the incident or incidents made the basis of this suit were unavoidable and, therefore, not proximately caused by any acts, omissions, and/or negligence on the part of these Defendants.  The conduct of these Defendants, if any, was not a substantial cause of decedent's injuries and/or Plaintiffs' alleged damages.  The decedent's injuries and/or Plaintiffs' damages, if any, were not the result of any acts or omissions of these Defendants.

## VI.
### ANATOMICAL ANOMALIES AND PRE-EXISTING CONDITIONS

Defendants would show the Court and jury that the decedent's injuries and/or Plaintiffs' damages, if any, resulted from, were produced and/or were caused, in whole or in part, by anatomical anomalies, pre-existing conditions, injuries and/or illnesses over which these Defendants had no control.

## VII.
### CONTRIBUTORY NEGLIGENCE

Defendants would show that any, some, or all of the damages sustained by the decedent were the result, in whole or in part, of the decedent failing to act as reasonable, ordinary, prudent persons would have and should have acted under the same or similar circumstances.

## VIII.
### PROPORTIONATE RESPONSIBILITY

Defendants plead proportionate responsibility and would show that in the unlikely event the jury finds in favor of Plaintiffs and awards damages, Defendants specifically reserve any and all rights they have for contribution and/or indemnity against third-persons, both parties and non-

parties, and reserve the rights and remedies provided by Chapters 32 and 33 of the Texas Civil

Practice & Remedies Code.

## IX.
### ELECTION OF CREDIT

Defendants invoke the legal doctrine, which permits these Defendants to elect between

submission of issues against other entities which have paid monies to Plaintiffs in settlement of

liability for this cause of action and the taking of a credit for such monies as have been paid for

the extinguishment of such liability.   This pleading is directed at any such settlement by

Plaintiffs with entities who are presently parties to this action, entities that are not parties to this

action and will not be made so, and entities who are not parties to this action, but who will or

may be added later as defendants.

## X.
### RECOVERY OF MEDICAL EXPENSES

Defendants contend that Plaintiffs' right to recovery of medical or health care expenses is

limited to the amount actually paid or incurred by or on behalf of Plaintiffs.  TEX. CIV. PRAC. &

REM. CODE § 41.0105.

## XI.
### TEXAS RULES OF CIVIL PROCEDURE

Defendants plead credit, offset, payment, release and accord and satisfaction as provided

in Rule 94 of the Texas Rules of Civil Procedure.

## XII.
### PROVISIONS OF TEXAS CIVIL PRACTICE & REMEDIES CODE

Defendants are entitled to the benefits of any percentage reduction, or direct credit, to be

elected at the time of trial pursuant to the provisions of the Texas Practice & Remedies Code.

## XIII.
### PERIODIC PAYMENTS

Defendants continue to deny any and all liability to Plaintiffs.  However, in the unlikely event that the Court or Jury should find the negligence of these Defendants proximately caused injury to decedent and/or damages to Plaintiffs, Defendants provide notice that it will invoke Texas Civil Practice and Remedies Code §§ 74.501–74.507 and request that any recovery be made in periodic payments as allowed by §§ 74.501–74.507.

## XIV.
### RULE 193.7 NOTICE

Under Texas Rule of Civil Procedure 193.7, Defendants intend to use all documents produced by Defendants in pretrial proceedings and/or at trial in the above-referenced litigation.

## XV.
### JURY DEMAND

Defendants hereby demand a trial by jury and have tendered the appropriate fee with this Answer.

## XVI.
### PRAYER

For these reasons, Defendants, TEXAS HERITAGE OAKS NURSING AND REHABILITATION CENTER, LLC D/B/A HERITAGE OAKS NURSING AND REHABILITATION CENTER, SUMMIT CARE LLC, SKILLED HEALTHCARE LLC, GENESIS HEALTHCARE LLC, AND GENESIS HEALTHCARE INC., ask the Court to dismiss this suit or render judgment that Plaintiffs, TERRIE HILL, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF VIRGINIA HILL, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF THE ESTATE OF VIRGINIA HILL, take nothing, that the Court dismiss this lawsuit and/or render judgment in favor of Defendants; that

Defendants be awarded all costs and expenses incurred; and for any and all other and further relief, both at law and in equity, to which Defendants may be justly entitled.

Respectfully submitted,

**HOBLIT DARLING RALLS HERNANDEZ & HUDLOW LLP**
Bank of America Plaza
300 Convent Street, Suite 1450
San Antonio, Texas 78205
Telephone No. (210) 224-9991
Facsimile No. (210) 226-1544

By: _____
STEPHEN R. DARLING
State Bar No. 05386500
Email:  sdarling@hdr-law.com
JAMES J. LEECH
State Bar No. 24070131
Email: jleech@hdr-law.com

**ATTORNEYS FOR DEFENDANTS TEXAS HERITAGE OAKS NURSING AND REHABILITATION CENTER, LLC D/B/A HERITAGE OAKS NURSING AND REHABILITATION CENTER, SUMMIT CARE LLC, SKILLED HEALTHCARE LLC, GENESIS HEALTHCARE LLC, AND GENESIS HEALTHCARE INC.**

### CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of March, 2016, the foregoing document was electronically filed with the Clerk of the Court, and all known counsel of record as indicated below will receive notification of such filing in accordance with the Texas Rules of Civil Procedure.

Stephen M. Loftin                             *Electronic Service*
Allison F. Fisher
HICKS THOMAS LLP
700 Louisiana, Suite 2000
Houston, Texas  77002

_____
James J. Leech

| | |
|---|---|
| **From:** | No-Reply@eFileTexas.gov |
| **To:** | Lisa Medlin |
| **Subject:** | eFileTexas.gov - Notification of Service - 9771190 |
| **Date:** | Thursday, March 24, 2016 11:12:11 AM |



# Notification of Service

### Envelope Number: **9771190**

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | 2016-519,411 |
| **Case Style** | TERRIE HILL, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF VIRGINIA HILL, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF THE ESTATE OF VIRGINIA HILL VS. TEXAS HERITAGE OAKS NURSING AND REHABILITATION CENTER, LLC D/B/A HERITAGE OAKS NURSING AND REHABILITATION CENTER, SUMMIT CARE LLC, SKILLED HEALTHCARE LLC, GENESIS HEALTH CARE LLC, AND GENESIS HEALTHCARE, INC. |
| **Date/Time Submitted** | 3/24/2016 11:06:59 AM |
| **Filing Type** | Answer/Response |
| **Filed By** | Lisa Medlin |
| **Service Contacts** | Other Service Contacts not associated with a party on the case:<br><br>Stephen Darling (sdarling@hdr-law.com)<br><br>James Leech (jleech@hdr-law.com)<br><br>Lauren Horne (lhorne@hdr-law.com)<br><br>April Quinones (aquinones@hdr-law.com)<br><br>Lisa Medlin (lmedlin@hdr-law.com)<br><br>Gena Amerson (gamerson@hdr-law.com)<br><br>Allison Fisher (afisher@hicks-thomas.com)<br><br>Kristin Russell (krussell@hicks-thomas.com) |

Stephen Loftin (sloftin@hicks-thomas.com)

| Document Details | |
|---|---|
| **File Stamped Copy** | https://efile.txcourts.gov/ViewServiceDocuments.aspx?ADMIN=0&SID=f6a8a11d-58c3-4562-b78b-e569aceb0ba6&RID=bb0268e3-e8bb-45da-a37f-a821c912ee93<br>This link is active for 7 days. |

Please do not reply to this email. It was generated automatically by eFileTexas.gov

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | | |
|---|---|---|
| TERRIE HILL, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF VIRGINIA HILL, DECEASED, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF THE ESTATE OF VIRGINIA HILL, | § § § § § § § | |
| Plaintiffs, | § § | CASE NO. |
| v. | § § | **(JURY REQUESTED)** |
| TEXAS HERITAGE OAKS NURSING AND REHABILITATION CENTER, LLC D/B/A HERITAGE OAKS NURSING AND REHABILITATION CENTER, SUMMIT CARE LLC, SKILLED HEALTHCARE LLC, GENESIS HEALTHCARE LLC AND GENESIS HEALTHCARE INC. | § § § § § § § § § | |
| Defendants. | | |

## LIST OF ALL COUNSEL OF RECORD

**Attorney for Defendants Texas Heritage Oaks Nursing and Rehabilitation Center, LLC d/b/a Heritage Oaks Nursing and Rehabilitation Center, Summit Care LLC, Skilled Healthcare LLC, Genesis Healthcare LLC and Genesis Healthcare Inc.**

Stephen R. Darling
Texas Bar No. 05386500
Federal ID No. 8743
Email: sdarling@hdr-law.com
Thomas A. Cowen
Texas Bar No. 04927600
Federal ID No. 10707
Email: tcowen@hdr-law.com
HOBLIT DARLING RALLS
   HERNANDEZ & HUDLOW, L.L.P.
Bank of America Plaza
300 Convent Street, Suite 1450
San Antonio, Texas  78205
Telephone: (210) 224-9991
Facsimile:  (210) 226-1544

Exhibit B

**Attorney for Plaintiffs Terrie Hill, Individually and as Representative of the Estate of Virginia Hill, Deceased, and on Behalf of All Wrongful Death Beneficiaries of the Estate of Virginia Hill**

Stephen M. Loftin
Texas Bar No. 12489510
Email: sloftin@hicks-thomas.com
Allison F. Fisher
Texas Bar No. 24068614
Email: afisher@hicks-thomas.com
HICKS THOMAS LLP
700 Louisiana, Suite 2000
Houston, Texas  77002
Telephone:  (713) 547-9100
Facsimile:   (713) 547-9150

CAUSE NO. 2016-519,411

| | | |
|---|---|---|
| TERRIE HILL, INDIVIDUALLY AND AS | § | IN THE DISTRICT COURT |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF VIRGINIA HILL, AND ON BEHALF | § | |
| OF ALL WRONGFUL DEATH | § | |
| BENEFICIARIES OF THE ESTATE OF | § | |
| VIRGINIA HILL, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | 99TH JUDICIAL DISTRICT |
| TEXAS HERITAGE OAKS NURSING | § | |
| AND REHABILITATION CENTER, LLC | § | |
| D/B/A HERITAGE OAKS NURSING AND | § | |
| REHABILITATION CENTER, SUMMIT | § | |
| CARE LLC, SKILLED HEALTHCARE | § | |
| LLC, GENESIS HEALTHCARE LLC, | § | |
| AND GENESIS HEALTHCARE INC., | § | |
| | § | |
| Defendants. | § | LUBBOCK COUNTY, TEXAS |

## DEFENDANTS TEXAS HERITAGE OAKS NURSING AND REHABILITATION CENTER, LLC D/B/A HERITAGE OAKS NURSING AND REHABILITATION CENTER, SUMMIT CARE LLC, SKILLED HEALTHCARE LLC, GENESIS HEALTHCARE LLC, AND GENESIS HEALTHCARE INC.'S NOTICE OF FILING NOTICE OF REMOVAL

TO THE HONORABLE COURT:

PLEASE TAKE NOTICE that on April 6, 2016, Defendants, Texas Heritage Oaks Nursing and Rehabilitation Center, LLC d/b/a Heritage Oaks Nursing and Rehabilitation Center, Summit Care LLC, Skilled Healthcare LLC, Genesis Healthcare LLC and Genesis Healthcare Inc., by and through the undersigned counsel of record, filed in the United States District Court for the Northern District of Texas, Lubbock Division, a Notice of Removal. A true and correct copy of the Notice is attached hereto as Exhibit "A" and incorporated herein verbatim.

PLEASE TAKE FURTHER NOTICE, that pursuant to 28 U.S.C. § 1446, the filing of such Notice in the United States District Court, together with the filing of a copy of the Notice with this

Exhibit C

Court, effects the removal of this action, and this Court may proceed no further unless and until the case is remanded.

Respectfully submitted,

**HOBLIT DARLING RALLS**
  **HERNANDEZ & HUDLOW LLP**
Bank of America Plaza
300 Convent Street, Suite 1450
San Antonio, Texas 78205
Telephone No. (210) 224-9991
Facsimile No. (210) 226-1544

By: _____

STEPHEN R. DARLING
State Bar No. 05386500
Email: sdarling@hdr-law.com
JAMES J. LEECH
State Bar No. 24070131
Email: jleech@hdr-law.com

**ATTORNEYS FOR DEFENDANTS TEXAS HERITAGE OAKS NURSING AND REHABILITATION CENTER, LLC D/B/A HERITAGE OAKS NURSING AND REHABILITATION CENTER, SUMMIT CARE LLC, SKILLED HEALTHCARE LLC, GENESIS HEALTHCARE LLC, AND GENESIS HEALTHCARE INC.**

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 5th day of April, 2016, the foregoing document was electronically filed with the Clerk of the Court, and all known counsel of record as indicated below will receive notification of such filing in accordance with the Texas Rules of Civil Procedure.

Stephen M. Loftin         *Electronic Service*
Allison F. Fisher
HICKS THOMAS LLP
700 Louisiana, Suite 2000
Houston, Texas  77002

_____
James J. Leech

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| TERRIE HILL, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF VIRGINIA HILL, DECEASED, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF THE ESTATE OF VIRGINIA HILL, | § § § § § § § | |
| Plaintiffs, | § | CASE NO. |
| v. | § § | **(JURY REQUESTED)** |
| TEXAS HERITAGE OAKS NURSING AND REHABILITATION CENTER, LLC D/B/A HERITAGE OAKS NURSING AND REHABILITATION CENTER, SUMMIT CARE LLC, SKILLED HEALTHCARE LLC, GENESIS HEALTHCARE LLC AND GENESIS HEALTHCARE INC. | § § § § § § § § | |
| Defendants. | | |

**DEFENDANTS' NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants, TEXAS HERITAGE OAKS NURSING AND REHABILITATION CENTER, LLC D/B/A HERITAGE OAKS NURSING AND REHABILITATION CENTER, SUMMIT CARE LLC, SKILLED HEALTHCARE LLC, GENESIS HEALTHCARE LLC, AND GENESIS HEALTHCARE INC. (hereinafter sometimes called "Defendants" or "Heritage Oaks") hereby removes this action, Cause No. 2016-519,411, from the District Court of Lubbock County, Texas, 99th Judicial District Court, to this Court, pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq.* (hereinafter "the Removed Action"). The undersigned counsel represent Defendants in this matter.

Exhibit A

## I.     STATUTORY BASIS FOR JURISDICTION

1.     Removal of this action is proper under 28 U.S.C. § 1441.  The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**A.     Diversity of Citizenship**

2.     Plaintiff Terrie Hill, Individually, and as Representative of the Estate of Virginia Hill, Deceased, is a resident of the State of Texas.

3.     Defendant Texas Heritage Oaks Nursing and Rehabilitation Center, LLC d/b/a Heritage Oaks Nursing and Rehabilitation Center, formed under the laws of the State of Delaware, is a single member LLC with Summit Care LLC as its sole member.

4.     Defendant Summit Care LLC, formed under the laws of the State of Delaware, is a single member LLC with Summit Care Corporation as its sole member.

5.     Summit Care Corporation is a Delaware corporation with its principal place of business in the State of Pennsylvania.

6.     Defendant Skill Healthcare, LLC, formed under the laws of the State of Delaware, is a single member LLC with Genesis Healthcare LLC as its sole member.

7.     Defendant Genesis Healthcare LLC, formed under the laws of the State of Delaware, is a single member LLC with Genesis Healthcare, Inc. as its sole member.

8.     Defendant Genesis Healthcare, Inc. is a Delaware corporation with its principal place of business in the State of Pennsylvania.

9.     Defendants are citizens of Delaware, Pennsylvania and California.

10.     None of the Defendants are citizens of Texas.  Accordingly, complete diversity exists and removal is proper.

**B.     Amount in Controversy**

11.     In their pleading, Plaintiffs seek monetary relief over $1,000,000.  The damages alleged in Plaintiffs' Original Petition are well in excess of the $75,000 minimum jurisdictional limits for removal.

## II.     COMMENCEMENT OF THE ACTION

12.     Plaintiffs filed their Original Petition on February 12, 2016, seeking monetary damages based on a healthcare liability/nursing home malpractice claim.

13.     Plaintiffs' Original Petition and a summons were served on Texas Heritage Oaks Nursing and Rehabilitation Center LLC and Skilled Healthcare LLC on March 7, 2016, thereby commencing the action against Defendants.

14.     Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders served upon Defendants, and a copy of all papers filed in the Removed Action, are attached hereto as Exhibit "A."  No other process, pleadings, or orders have been filed or served in the Removed Action.

## III.     VENUE AND TIMELINESS

15.     The District Court of Lubbock County, Texas, 99th Judicial District Court, the Court in which the Removed Action was pending, is located within the jurisdiction of the United States District Court for the Northern District of Texas, Lubbock Division.

16.     Defendants were first served with a copy of Plaintiffs' Original Petition on March 7, 2016.  Pursuant to 28 U.S.C. § 1446(b)(1) and (2), removal is timely if it is filed within thirty (30) days after receipt of service of Plaintiffs' Original Petition by Defendant.  As a result, this notice of removal is timely.

For the reasons set forth above, the Defendants, TEXAS HERITAGE OAKS NURSING AND REHABILITATION CENTER, LLC D/B/A HERITAGE OAKS NURSING AND REHABILITATION CENTER, SUMMIT CARE LLC, SKILLED HEALTHCARE LLC, GENESIS HEALTHCARE LLC, AND GENESIS HEALTHCARE INC., remove to this Court the above-captioned case from the District Court of Lubbock County, Texas, 99th Judicial District Court, Cause No. 2016-519,411.

Respectfully submitted,

**HOBLIT DARLING RALLS
    HERNANDEZ & HUDLOW LLP**
Bank of America Plaza
300 Convent Street, Suite 1450
San Antonio, Texas 78205
Telephone No. (210) 224-9991
Facsimile No. (210) 226-1544

By:    */s/ Stephen R. Darling*
    STEPHEN R. DARLING
    State Bar No. 05386500
    Federal ID No. 8743
    Email: sdarling@hdr-law.com
    THOMAS A. COWEN
    State Bar No. 04927600
    Federal ID No. 10707
    Email: tcowen@hdr-law.com

    **ATTORNEYS FOR DEFENDANTS
    TEXAS HERITAGE OAKS NURSING
    AND REHABILITATION CENTER,
    LLC D/B/A HERITAGE OAKS
    NURSING AND REHABILITATION
    CENTER, SUMMIT CARE LLC,
    SKILLED HEALTHCARE LLC,
    GENESIS HEALTHCARE LLC, AND
    GENESIS HEALTHCARE INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 5th day of April, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to each counsel of record listed below.  To the extent any such counsel is not registered for such electronic delivery, the foregoing document will be served in accordance with the Federal Rules of Civil Procedure.

Stephen M. Loftin
Allison F. Fisher
HICKS THOMAS LLP
700 Louisiana, Suite 2000
Houston, Texas  77002

By:    */s/ Stephen R. Darling*
      Stephen R. Darling